Demetri THOR, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 77–2270.

United States Court of Appeals, Fifth Circuit.

May 30, 1978.

Demitri Thor, pro se.

Kenneth J. Mighell, U. S. Atty., Gerhard Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for respondent-appellee.

On Petition for Rehearing

(Opinion January 17, 1978, 5 Cir., 1978, 567 F.2d 389).

Before THORNBERRY, RONEY and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Demetri Thor, a/k/a Richard Larry Rusk, was convicted of making a false statement on a Treasury Department form in purchasing a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a). This conviction was affirmed by this court in *United States v. Rusk*, 5 Cir. 1975, 512 F.2d 815. Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255[1] alleging that he was denied the right to compulsory process to obtain witnesses and evidence in his behalf and that he was denied the right to an ex parte hearing pursuant to Rule 17(b), F.R.Crim.Proc., with respect to the subpoenas. The district court denied his Section 2255 motion on April 29, 1977, and we affirmed on January 17, 1978, on the basis that Thor's failure to raise these issues on direct appeal precludes him from raising them by a collateral motion. In his petition

---

1. Section 2255 revised the procedure by which federal prisoners are to seek post-conviction habeas corpus relief but did not in any respect cut back the scope of the writ. Decisions respecting the availability of the federal habeas remedy are equally applicable to Section 2255 motions. *Kaufman v. United States*, 1969, 394 U.S. 217, 221–222, 89 S.Ct. 1068, 1071–1072, 22 L.Ed.2d 227; *Middlebrooks v. United States*, 5 Cir. 1974, 500 F.2d 1355, 1358. *See*, Sokol, Federal Habeas Corpus, § 24.3, 179–181 (2d Ed. 1969).

for rehearing, Thor alleges that the decision of his court-appointed counsel not to raise the issues on appeal was without his consent and against his wishes. Construing his motion for rehearing liberally, as *Haines v. Kerner*, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, compels, we are presented with a claim of ineffective assistance of counsel that warrants our reconsidering our April 29, 1977 decision. But having fully reconsidered Thor's claims and the record in this case, we conclude that, although the alleged errors may properly be raised by a Section 2255 motion, they do not entitle Thor to relief.

## I.

■ Habeas corpus lies with respect to every constitutional defect in any criminal trial where the petitioner remains "in custody" because of the judgment in that trial, unless the error committed was waived or constitutes mere harmless error.[2] *Kaufman v. United States*, 1969, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227; *Williams v. United States*, 1971, 401 U.S. 675, 91 S.Ct. 1171, 28 L.Ed.2d 410 (Harlan, J., concurring). See also, *Francis v. Henderson*, 1976, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149; *Wright v. Wainwright*, 5 Cir. 1976, 537 F.2d 224, 226; *Middlebrooks v. United States*, 5 Cir. 1974, 500 F.2d 1355, 1358.

■ Hence, we must reject jurisprudence to the effect that a petition for habeas corpus is not an appropriate device for reviewing compulsory process claims; see, e. g., *Brewer v. Hunter*, 10 Cir. 1947, 163 F.2d 341, 342; *Fitzgerald v. Sanford*, 5 Cir. 1944, 142 F.2d 445, 446, *cert. denied*, 323 U.S. 806, 65 S.Ct. 311, 89 L.Ed. 643; *Ex Parte Smith*, M.D.Pa.1947, 72 F.Supp. 935, 942.

■ The right of defendants to subpoena witnesses afforded by Rule 17, Fed.R.Crim.

Proc., rests ultimately upon the Sixth Amendment guarantee of compulsory process. *United States v. Barker*, 6 Cir. 1977, 553 F.2d 1013, 1019; *Taylor v. United States*, 5 Cir. 1964, 329 F.2d 384. Additionally, because the right to compel attendance is so vital to the presentation of a meaningful defense, it is a fundamental element of due process of law, *Washington v. Texas*, 1967, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, and of the "right not to be subjected to disabilities by the criminal justice system because of financial status." *Barker, Id.*

■ Hence, we must also reject the jurisprudence suggesting that a habeas petition is not under any circumstances an appropriate device for reviewing alleged denials of Rule 17 subpoenas; see, e. g., *United States v. Shields*, 6 Cir. 1961, 291 F.2d 798, 799; *Houser v. United States*, 8 Cir. 1974, 508 F.2d 509, 515. Where the denial of those subpoenas constitutes constitutional error, it may properly be raised by a Section 2255 motion unless it is waived or constitutes harmless error. This court has, in fact, considered the merits of a Section 2255 petition of a person convicted by a military court alleging that denial of a subpoena as prescribed by Rule 17(b) constituted denial of compulsory process pursuant to the Sixth Amendment.[3] *Calley v. Callaway*, 5 Cir. 1975, 519 F.2d 184, 217; see also, *Slawek v. United States*, 8 Cir. 1969, 413 F.2d 957.

■ It is well established that claims of ineffective assistance of counsel may properly be raised by Section 2255 motions. *Rodriguez v. United States*, 1969, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340; *Bonds v. Wainwright*, 5 Cir. 1977, 564 F.2d 1125; *Bartelt v. Guinn*, 5 Cir. 1973, 485 F.2d 250; *Chapman v. United States*, 5 Cir. 1972, 469

---

**2.** The decision in *Stone v. Powell*, 1976, 42 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, is not to the contrary. The court merely held that the failure to apply the exclusionary rule after a full and fair litigation of a Fourth Amendment claim does not rise to the level of a constitutional infirmity. See, 96 S.Ct. at 3045–3046, and note 17; *see* also, *Sosa v. United States*, 5 Cir. 1977, 550 F.2d 244, 249.

**3.** Because the court decided that the subpoena need not issue under the standards of *Welsh v. United States*, 5 Cir. 1968, 404 F.2d 414, 417–418, it did not focus on whether Section 2255 was an appropriate vehicle for raising such an issue.

F.2d 634; *United States v. Williams*, 5 Cir. 1972, 468 F.2d 819; *United States v. Haywood*, 5 Cir. 1972, 464 F.2d 756, 763; *United States v. Prince*, 5 Cir. 1972, 456 F.2d 1070; *Atilus v. United States*, 5 Cir. 1969, 406 F.2d 694.

However, the right to an ex parte hearing pursuant to Rule 17(b) does not appear to rise to a constitutional level. The failure to accord such a hearing is cognizable as an error of law only if it constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 1974, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109, 119. We may assume that, were Thor afforded the opportunity to do so, he would prove that the error constituted such a fundamental defect; hence, we may not conclude on the basis of the pleadings alone that this contention is beyond the permissible scope of a habeas petition. See, *Hart v. United States*, 5 Cir. 1978, 565 F.2d 360.

But even if the alleged errors are within the scope of a Section 2255 motion, we must consider whether they were nonetheless waived by failure to raise them on direct appeal. In this regard, we have recently stated:

. . . failure to appeal does not, by itself, require a habeas court to deny the petition. '[T]he question rather is whether the case is one in which refusal to exercise that power [to adjudicate the merits of constitutional claims on habeas is] appropriate,' *Kaufman v. U.S.*, 1969, 394 U.S. 217, 220, n. 3, 89 S.Ct. 1068, 1071, n. 3, 22 L.Ed.2d 227, . . . [T]he motivation or reason for the failure to appeal, and not the mere datum that an appeal was not taken or completed, determines whether a section 2255 motion ought to be entertained. The rule against surrogate appeals is not, therefore, a strict jurisdictional requirement. Rather, it is a formulation of jurisprudential considerations that may vary as the equities of a case vary.

*Sosa v. United States*, 5 Cir. 1977, 550 F.2d 244, 247–248.

There could scarcely be a more appropriate case for allowing a petitioner to raise issues not raised on direct appeal than where a primary error complained of in the petition is the failure of counsel to process an effective appeal. Assuming that Thor could prove his allegation that the failure to raise the alleged errors was due to ineffective assistance, he ought be permitted to raise these alleged errors, as well as his claim of ineffective assistance, by way of a Section 2255 motion. Hence, for present purposes, the alleged errors are properly raised by this motion, and we must consider the merits of his contentions.

II.

Thor's defense at trial was that the gun that was purchased in his name was actually purchased by one Joe Edwards who used Thor's identification. Thor sought to subpoena a number of witnesses and an address book, allegedly in the possession of state police officers, which contained the addresses of some of the witnesses he sought to subpoena. Those witnesses,[4] and the basis for the lower court's ruling with respect to them, are:

1. Dottie Edwards—one of J. Edwards' wives. The subpoena was denied because the evidence showed she wasn't present when the gun was purchased and the defendant made no showing that she would adduce other relevant testimony.

2. Ruben Coy, Linda Coy, Joe Melton, William McDonald, and Peaches Hinton. The defendant said all of these persons saw Joe Edwards with a gun such as the one in question. The court did not consider this sufficiently probative and denied the subpoena.

3. Joyce May. She was allegedly with Edwards when he purchased the gun. The subpoena was denied because her address could not be supplied; the court offered to subpoena her if an address

**4.** In addition to the listed witnesses, Lynn Piland, Richard Barrett, and Jon Reed were allowed and are not relevant here. The five Oregon police officers are discussed, *infra*.

could be supplied. Thor *now* says that address book would have revealed her address but the transcript does not indicate that he informed the court of this at the time of the hearing.

4. Ann Melcher. She allegedly was with Edwards when he purchased the gun. The subpoena was denied for lack of address, but, with respect to her, Thor informed the court that the address book would reveal her location. However, moments earlier, Thor had indicated that she was probably with Edwards, a fugitive; hence, the court concluded that the address in the book would probably not be current.

5. Joe Edwards was the alleged purchaser of the gun. Subpoena was denied because he was a fugitive with no address.

6. Anita Rusk, who allegedly was Thor's sister, and was allegedly with Edwards during the purchase, was allowed.

With respect to the appropriate standard for reviewing such a determination:

Appellate courts took the view that under the rule [17b, Fed.R.Cr.P.] the grant or denial of a subpoena was committed to the sound discretion of the trial court and was not to be disturbed in the absence of exceptional circumstances. In 1966 the rule was amended to make issuance mandatory upon 'a satisfactory showing . . . that the presence of the witness is necessary to an adequate defense.' That requirement leaves broad discretion in the district court by allowing the trial judge to weigh numerous factors, including materiality, relevancy, and competency, in deciding whether to grant the request for the subpoena. See *United States v. Hathcock*, 5 Cir. 1971, 441 F.2d 197; *Welsh v. United States*, 5 Cir. 1968, 404 F.2d 414 . . . But we have held quoting *Greenwell v. United States*, D.C.Cir. 1963, 317 F.2d 108, 110, that the amended requirement means

'. . . if the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the . . . request is otherwise frivolous.' . . . That test places the burden of showing frivolity or abuse of process on the Government, where it properly belongs. *Welsh v. United States*, supra, 404 F.2d at 417–418.

*United States v. Moudy*, 5 Cir. 1972, 462 F.2d 694, 697–698. See also, *United States v. Hegwood*, 5 Cir. 1977, 562 F.2d 946, 952.

■ The testimony of the Coys, Melton, McDonald and Hinton was of limited value; Thor could have bought the gun and then Edwards could have acquired it. Dottie Edwards' status as Edwards' wife does not establish she knew anything about the transactions. It may have been preferable to allow subpoenas for several of these witnesses (to allow all would be cumulative), but it was not an abuse of discretion to fail to do so.

■ The denial of subpoenas for Joyce May and Ann Melcher would constitute an abuse of discretion if an address could have been supplied for them. But, where a witness cannot be located, there is no error in denying a subpoena. *United States v. Rodriguez*, 5 Cir. 1973, 474 F.2d 587.

■■ The defendant was not entitled to subpoena the address book pursuant to Rule 17(c), Fed.R.Crim.Proc., because it was not evidentiary, *United States v. Nixon*, 1974, 418 U.S. 683, 699, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039; *Gilmore v. United States*, 5 Cir. 1958, 256 F.2d 565, 568. The court did not subpoena the county police officers who possessed the address book because there was no showing that they had relevant testimony. Thor was not entitled to the book pursuant to Rule 16(a)(1)(C), Fed. R.Cr.Proc., which provides, "Upon request . . . the government shall permit the defendant to inspect and copy . . . books, papers, documents . . . which are within the possession, custody or control of the government, and which are material to the preparation of his defense . . .,"

because the book was not in the government's control, but in the control of the Oregon county police. See, *United States v. Wells*, 5 Cir. 1976, 525 F.2d 974, 976. The only basis for issuing a subpoena would be as ancillary to the court's powers pursuant to Rule 17(b) for subpoenaing of witnesses. Assuming that a court possesses the power to subpoena those documents that are reasonably available and are necessary to effectuate production of witnesses pursuant to Rule 17(b), under circumstances such as those presented here, the better course would have been to subpoena the book if only to determine to a certainty whether the witnesses who had relevant testimony, particularly May and Melcher, could be located despite their nomadic predilections. But, considering the slight likelihood that they could have been located, the failure to subpoena the book does not constitute an abuse of discretion.

### III.

■ Rule 17(b) permits an ex parte application by a defendant, and we have held that this implies a duty to hold an ex parte hearing so that the defendant need not expose his defense strategy to the prosecution. *United States v. Meriwether*, 5 Cir. 1973, 486 F.2d 498, 505–506, *cert. denied*, 1974, 417 U.S. 948, 94 S.Ct. 3074, 41 L.Ed.2d 668. See also, *United States v. Brown*, 8 Cir. 1976, 535 F.2d 424, 429. The trial court held a hearing in the presence of the prosecuting attorney. It is readily apparent from the transcript that the defendant was forced to reveal the prospective testimony of a number of witnesses, to identify the witnesses that he sought to call and the reasons why he sought their testimony. However, the transcript does not indicate that the defendant requested an ex parte hearing or that he objected at that hearing to the presence of the prosecutor. He objected to the scope of cross-examination and was overruled, but he waived his right to utilize the ex parte procedure. Additional-

ly, under these circumstances, the error was not so fundamentally grievous as to be cognizable in a Section 2255 motion. *Davis v. United States, supra.*

■ Because Thor has been unable to clear the preliminary hurdles with respect to these alleged errors, it is unnecessary to travel the remaining course. But, we note that, before Thor could be entitled to relief as a result of these alleged errors, he must prove that he was prejudiced by them. See, *Wright v. Wainwright, supra*, 537 F.2d at 226. Hence, it would be necessary for him to prove that the witnesses would have been located had the book been subpoenaed, and that their testimony, if adduced, would have been favorable.[5]

■ However, with respect to Thor's claim of ineffective assistance of counsel, proof of prejudice does not depend upon such a showing. If a petitioner can prove that ineffective counsel deprived him of his right to present alleged errors on appeal, either by failing to advise him as to his rights on appeal or by according incorrect and misleading advice on appeal, then he is entitled to relief. *Arrastia v. United States*, 5 Cir. 1972, 455 F.2d 736, 740; *Powers v. United States*, 5 Cir. 1971, 446 F.2d 22. Where counsel fails to file an appeal altogether, it is not necessary that the petitioner establish that he had some chance of success on appeal as a requisite of habeas relief. *Bonds v. Wainwright*, 5 Cir. 1977, 564 F.2d 1125, 1131; *Lumpkin v. Smith*, 5 Cir. 1971, 439 F.2d 1084, 1085. He has been prejudiced by losing the right to a meaningful appeal, regardless whether the errors that formed the basis of the appeal ultimately proved prejudicial themselves. Where counsel has filed an appeal but has failed to raise various points, petitioner is entitled to relief if he had an arguable chance of success with respect to these contentions. *Hooks v. Roberts*, 5 Cir. 1973, 480 F.2d 1196, *cert. denied*, 1974, 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116. However, if it can be determined that appeal would have

---

5. He would also be required to prove a "cause" for his failure to raise these errors previously. *Wright v. Wainwright, supra*, 537 F.2d at 226.

been futile with respect to those errors that counsel failed to raise, then petitioner is not entitled to relief.

From the present record and the record originally presented on appeal, it is apparent that petitioner's contentions did not possess sufficient merit or such an arguable chance of success as to warrant the conclusion that petitioner was prejudiced by the failure to present them on appeal, or that petitioner's counsel provided ineffective assistance in failing to present them.

Accordingly, the judgment of the district court denying petitioner's motion is AFFIRMED.