**William D. O'GUIN, Petitioner-Appellant,**

v.

**Dale FOLTZ, Respondent-Appellee.**

**No. 83–1166.**

United States Court of Appeals,
Sixth Circuit.

Argued July 25, 1983.

Decided Sept. 1, 1983.

As Amended on Denial of Rehearing and
Rehearing En Banc Nov. 7, 1983.

Carl Ziemba, Detroit, Mich., for petitioner-appellant.

Frank J. Kelley, Atty. Gen. of Mich., Lansing, Mich., A. George Best, Detroit, Mich. (argued), for respondent-appellee.

Before ENGEL, MARTIN and CONTIE, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

William D. O'Guin appeals from the denial of habeas corpus relief pursuant to 28 U.S.C. § 2254. O'Guin is confined at a Michigan state penitentiary serving a life

sentence for first degree felony murder in violation of M.C.L. § 750.316. A jury convicted O'Guin in 1965 and the Michigan Court of Appeals affirmed the conviction, *People v. O'Guin,* 26 Mich.App. 305, 182 N.W.2d 103 (1970). In 1981, the defendant filed a delayed motion for a new trial and an evidentiary hearing in the trial court. These motions were denied. The Michigan Court of Appeals denied his motion for delayed appeal, as did the Michigan Supreme Court, *People v. O'Guin,* 414 Mich. 885 (1982). The district court found no merit in the issues raised in O'Guin's petition for habeas relief.

The facts, very briefly, are as follows. O'Guin and three accomplices planned and committed the armed robbery of a drug store in December, 1964 during which the pharmacist, Emil Bacilla, was shot and killed. The defendant entered the store first and proceeded to the rear of the store to divert the pharmacist's attention. Two others followed him into the store to secure the front desk area and rob the cash register. Meanwhile, the pharmacist disarmed the defendant. The defendant took a second gun from his accomplice at the front of the store and a gun battle ensued during which the pharmacist was fatally wounded. O'Guin and the others fled to their getaway car outside and escaped.

O'Guin, the car driver, and one of the robbers who entered the store were tried together for first degree felony murder. The second robber who entered the drug store testified against them and related all the details of the planning and execution of the robbery.

In his petition for a writ of habeas corpus, O'Guin raises six issues. In a thorough memorandum opinion, the district court dismissed O'Guin's claims as meritless. We also find them meritless.

■ First, the defendant claims that the trial court's refusal to instruct the jury on the lesser included offenses of second degree murder and manslaughter was a denial of due process, secured by the fourteenth amendment. In *Pilon v. Bordenkircher,* 593 F.2d 264 (6th Cir.), *vacated and remanded on other grounds,* 444 U.S. 1, 100 S.Ct. 7, 62 L.Ed.2d 1 (1979), this court determined that unless "there is [ ] evidentiary support for the lesser included offense instruction, there can be no violation of due process from the refusal to give it." 593 F.2d at 267, n. 4. *See also Keeble v. United States,* 412 U.S. 205, 213, 93 S.Ct. 1993, 1998, 36 L.Ed.2d 844 (1973) (defendant entitled to lesser included offense instruction under Fed.R.Crim.P. 31(c) if the evidence would support such a jury verdict.) Although second degree murder is now a lesser included offense of first degree murder in Michigan, it was not at the time of O'Guin's trial in 1965. *See People v. Jenkins,* 395 Mich. 440, 443, 236 N.W.2d 500, 503 (1975) (holding specifically given prospective effect only). Therefore, the trial court's failure to instruct on second degree murder was not erroneous. However, if we assume evidentiary support for a manslaughter instruction, the failure to so instruct the jury was not erroneous. The question is whether such an error rendered the trial so fundamentally unfair as to deny the defendant due process of law. *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); *Long v. Smith,* 663 F.2d 18 (6th Cir.1981), *cert. denied,* 455 U.S. 1024, 102 S.Ct. 1724, 72 L.Ed.2d 143 (1982). Keeping in mind that "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law," *Henderson v. Kibbe,* 431 U.S. at 155, 97 S.Ct. at 1737, we find that the trial court's failure to instruct did not deny the defendant a fair trial. At the time of defendant's trial, the element necessary to sustain a first degree felony murder conviction was intent to rob. This intent was amply demonstrated. In our estimation the evidence of first degree murder was so overwhelming that no rational trier of fact could have found the defendant guilty of a lesser offense.

■ O'Guin's second contention is that the trial judge failed to instruct the jury that malice was a necessary element of first degree murder. The trial judge instructed the jury to find the defendant guilty of first degree murder if it found that a homicide occurred and that the intent to commit

a felony, armed robbery, existed simultaneously. That is, the trial judge instructed the jury on the common law felony murder rule, effective in Michigan in 1965. In 1980 in *People v. Aaron,* 409 Mich. 672, 299 N.W.2d 304 (1980), the Michigan Supreme Court held that a necessary element of felony murder was malice; intent to commit a felony could no longer be equated with malice. 409 Mich. at 727–728, 299 N.W.2d 304. Furthermore, the *Aaron* court specifically limited its holding to trials in progress or beginning after the 1980 decision. *Id.* at 734, 299 N.W.2d 304. As did the district court, we decline to apply *Aaron* retroactively. The jury was properly instructed on the law of first degree murder as delineated by state law and court decisions in Michigan at the time.

■ O'Guin also argues that he was convicted of a crime for which he was not charged. The information charged him with violating "Section 750.316, Compiled Laws of 1948." M.C.L. § 750.316 provides: "FIRST DEGREE MURDER—All murder which shall be . . . committed in the perpetration or the attempt to perpetrate . . . robbery, shall be murder of the first degree. . . ." The defendant was charged with, defended against and was convicted of first degree murder in violation of M.C.L. § 750.316. We find no error here.

■ In the same vein the defendant contends that the state failed to prove that he robbed the deceased, Emil Bacilla. The information charged the defendant with murdering Emil Bacilla during the "robbery of Emil Bacilla." O'Guin argues, however, that the robbery was in fact perpetrated against George Bacilla, the purported owner of the drug store who was also near the cash register when it was emptied. We are not persuaded that O'Guin was convicted of an offense for which he was not charged. M.C.L. § 750.529 identifies the following elements of the crime of armed robbery. The state must show that the defendant: (1) assaulted the victim; (2) feloniously took property from the victim's person *or presence;* and (3) carried a weapon. *See People v. McGuire,* 39 Mich.App. 308, 313, 197

N.W.2d 469 (1972). Although George Bacilla was closer to the stolen money than was Emil, clearly the money was stolen in Emil Bacilla's presence. "The robbery statute makes no specific reference to the elements of ownership of the money or goods taken by the robber. It is sufficient that the cash or personalty belongs to someone other than the thief." *People v. Needham,* 8 Mich. App. 679, 685–686, 155 N.W.2d 267 (1967) (citation omitted). We hold that there was no variance between the offense charged and the offense proven.

■ The defendant next challenges the effectiveness of his trial counsel and his counsel on direct appeal. The defendant contends that his trial attorney failed to defend him with a strategy particular to himself but instead adopted the positions and arguments of his codefendant's counsel. The defendant argues that he and his codefendant had in effect but one attorney who could not represent both adequately because their interests conflicted. The "conflict" arises because in O'Guin's defense one *might* have argued that only his codefendant and not O'Guin himself had the intent to rob the store when they entered it. The United States Supreme Court declared:

> In order to establish a violation of the Sixth Amendment, a defendant . . . must demonstrate that *an actual conflict of interest* adversely affected his lawyer's performance.
>
> \* \* \* \* \* \*
>
> We hold that the *possibility of conflict* is insufficient to impugn a criminal conviction.

*Cuyler v. Sullivan,* 446 U.S. 335, 348–350, 100 S.Ct. 1708, 1718–1719, 64 L.Ed.2d 333 (1980) (emphasis added) (footnote omitted). *Accord Smith v. Bordenkircher,* 671 F.2d 986 (6th Cir.1982). The defendant's alleged conflict is based on the *possibility* of the jury disbelieving accomplice testimony and ignoring the fact that he entered the store with a gun and drew it on the pharmacist. Furthermore, it is based on a *potential* argument, not in fact made at trial. We find his arguments fail to establish a concrete conflict, as envisioned in *Cuyler,* which adversely affected his lawyer's performance.

■ Nor was the assistance of defendant's appellate counsel ineffective. O'Guin contends that his appellate counsel failed to raise the issue of effective assistance of trial counsel and fatal variance of the indictment, both of which, he asserts, had "an arguable chance of success" on appeal. *See, e.g., Thor v. United States,* 574 F.2d 215, 221 (5th Cir.1978). We have reviewed these issues in the present habeas appeal and have found them to be without merit. Therefore, O'Guin's appellate counsel's failure to raise them on direct appeal did not deny him effective assistance of counsel.

■ The defendant's final contention is that the trial judge, when considering the delayed motion for retrial, should have held an evidentiary hearing on the issue of whether the defendant had the undivided loyalty of his trial counsel. The defendant's argument here rests on the number of questions his counsel asked, the length of his arguments, and a hypothetical defense, not raised at trial. The defendant has presented us with no issue of fact requiring an evidentiary hearing. He has made no offer of proof through affidavit or otherwise. Therefore, we conclude that the trial court acted within its discretion in denying O'Guin an evidentiary hearing.

For the foregoing reasons, the judgment below is affirmed.