762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GERALD W. HUGHES, PETITIONER-APPELLANT,
v.
DALE FOLTZ, RESPONDENT-APPELLEE.
 NO. 84-1521
 United States Court of Appeals, Sixth Circuit.
 4/12/85
 ORDER
 
 1
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and KINNEARY, District Judge.*
 
 
 2
 Petitioner appeals from the district court's order dismissing his habeas corpus petition brought under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petitioner was convicted of first-degree felony murder and was sentenced to life imprisonment. After exhausting his state remedies, petitioner filed this habeas corpus action alleging three grounds for relief:
 
 
 4
 1) the trial court refused to instruct the jury on the lesser included offense of manslaughter;
 
 
 5
 2) the trial court erroneously instructed the jury that first-degree felony murder consisted of a 'killing' or 'death' during a robbery instead of a 'murder' during a robbery; and
 
 
 6
 3) The trial court denied petitioner's right to due process and an impartial jury by denying two challenges for cause, motions for change of venue, a motion to sequester the jury, and a motion to disqualify the trial judge.
 
 
 7
 We find that the district court properly dismissed the petition.
 
 
 8
 Petitioner's first claim is that the trial court should have instructed the jury on the lesser included offense of manslaughter as requested by his trial counsel. Due process requires that a lesser included offense instruction be given if the evidence warrants such an instruction. Hopper v. Evans, 456 U.S. 605 (1982); Ferrazza v. Mintzes, 735 F.2d 967 (6th Cir. 1984). This Court recently held in a case similar to petitioner's that even assuming evidentiary support for a manslaughter instruction, habeas corpus relief is not available unless the error rendered the trial so fundamentally unfair as to deny due process of law. O'Guin v. Foltz, 715 F.2d 397 (6th Cir. 1983). It is clear from the transcript in this case that petitioner's intent to rob was amply demonstrated. Therefore, the failure to instruct on manslaughter did not violate due process. See O'Guin v. Foltz, supra.
 
 
 9
 Petitioner's second claim for relief is that the trial court incorrectly instructed the jury that first degree felony murder consisted of a 'killing,' rather than a 'murder,' in the perpetration of a robbery. Respondent argues that petitioner waived this issue by his failure to object to the instruction as required by Michigan Court Rule 516.2. See Engle v. Isaac, 456 U.S. 107 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977). The Michigan Court of Appeals held that the issue was not presented for review since petitioner had not objected. However, the court went on to remark that the error was harmless in any event. The Wainwright cause and prejudice standard does not apply when the state court overlooks the procedural default and disposes of the claim on the merits. See County Court of Ulster County v. Allen, 442 U.S. 140 (1979). When the state court disposes of a claim both by relying on a procedural default and by rejecting the claim on the merits, the Wainwright standard applies if the procedural default was a 'substantial basis' of the court's disposition of the claim. See Hockenbury v. Sowders, 620 F.2d 111 (6th Cir. 1980). cert. denied, 450 U.S. 933 (1981). The opinion of the Michigan Court of Appeals indicates that the procedural default was at least a 'substantial basis' of that court's decision and the cause and prejudice standard is therefore applicable. Since Hughes has not demonstrated cause for the failure to object, this claim may not be considered. See Wainwright, 433 U.S. at 87-91.
 
 
 10
 Petitioner also claims that he was denied due process and an impartial jury because the trial judge refused to excuse two jurors for cause, grant a motion for change of venue, sequester the jury or recuse himself. Petitioner supports these claims with Michigan law in an attempt to demonstrate that the trial court abused its discretion in these rulings. However, errors in the application of state law are not cognizable in federal habeas corpus actions unless there is a denial of fundamental fairness. Matlock v. Rose, 731 F.2d 1236 (6th Cir. 1984); Walker v. Engle, 703 F.2d 959 (6th Cir.), cert. denied, ---- U.S. ----, 104 S.Ct. 367 (1983). The federal court is not empowered to function as an appellate court for state rulings. Sizemore v. District Court, 735 F.2d 204 (6th Cir. 1984).
 
 
 11
 None of these claimed errors deprived petitioner of his constitutional right to a fair trial. The first two claims, that the court refused to excuse two jurors for cause and refused to grant petitioner's motion for a change of venue, do not warrant habeas corpus relief in this case. A criminal defendant is entitled to a fair and impartial jury. See Irvin v. Dowd, 366 U.S. 717 (1961). To satisfy the right to an impartial jury, jurors need not be totally ignorant of the facts and issues involved, but need only lay aside their impressions and render a verdict based on the evidence presented in court. Wainwright v. Witt, ---- U.S. ----, 105 S. Ct. 844 (1985); Irvin v. Dowd, supra. The partiality of a juror is a question of historical fact that is subject to the section 2254(d) presumption of correctness given to state court findings of fact. Patton v. Young, ---- U.S. ----, 104 S. Ct. 2885 (1984); Brofford v. Marshall, 751 F.2d 845 (6th Cir. 1985).
 
 
 12
 The Michigan appellate court found that the jurors were impartial and therefore petitioner was not entitled to a change of venue on the basis of pretrial publicity. Since the state court found that the jurors were impartial and nothing in the record or surrounding circumstances contradicts this finding, petitioner was not deprived of a fair jury. Petitioner has not pointed to any effect of the pretrial publicity on the jurors chosen. See Lotz v. Koloski, 460 F.2d 1284 (6th Cir.), cert. denied, 409 U.S. 1042 (1972); Luallen v. Neil, 453 F. 2d 428 (6th Cir. 1971), cert. denied, 409 U.S. 857 (1972). His claim that two prospective jurors should have been excused for cause is without merit since they were not impaneled as jurors and the jury as impaneled was impartial. See McKinney v. Boles, 254 F. Supp. 433 (N.D. W. Va. 1966).
 
 
 13
 Petitioner's claim that the trial court erred by failing to sequester the jury raises an issue of state law. In the absence of demonstrated prejudice, failure to sequester the jury does not warrant federal habeas corpus relief. See Powell v. Spalding, 679 F.2d 163 (9th Cir. 1982).
 
 
 14
 Petitioner's final claim, that the trial judge should have disqualified himself, is also without merit. Petitioner argues that the trial judge was biased because he and all of the other county judges attended the slain policeman's funeral and had a 'working relationship' with the police department. He claims that the judge demonstrated bias by his refusal to excuse the jurors for cause, grant the motions for change of venue and sequestration of the jury, and by his jury instructions. Disqualification of a judge for bias requires a personal bias, not one arising from the judge's view of the law. Khan v. Yusufji, 751 F.2d 162 (6th Cir. 1984); United States v. Story, 716 F.2d 1088 (6th Cir. 1983); see Brinlee v. Crisp, 608 F.2d 839 (10th Cir. 1979), cert. denied, 444 U.S. 1047 (1980); Jenkins v. Bordenkircher, 611 F.2d 162 (6th Cir. 1979). The mere fact that the judge attended the funeral of the victim does not demonstrate bias sufficient to require habeas corpus relief. United States ex rel. Perry v. Cuyler, 584 F.2d 644 (3d Cir. 1978), cert. denied, 440 U.S. 925 (1979); see United States v. Story, supra. Petitioner did not identify any personal bias of the trial judge and therefore has not established a right to habeas corpus relief on this ground.
 
 
 15
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Joseph P. Kinneary, U. S. District Judge for the Southern District of Ohio, sitting by designation