802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWIN ARTHUR ADAMS, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 85-3511.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 1
 BEFORE: MERRITT and MARTIN, Circuit Judges; and BERTELSMAN, District Judge*
 
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In this action, petitioner challenges the constitutionality of various criminal convictions entered in 1977 related to his ownership of Edwin's Jewelry Store, Franklin, Ohio. This Court vacated in part an earlier dismissal of this petition and remanded for further proceedings on petitioner's ineffective assistance of counsel claim. The district court, after considering this allegation, again denied issuance of the relief sought and dismissed the petition. This appeal followed. On appeal the parties have briefed the issues, petitioner proceeding pro se.
 
 
 4
 Upon consideration, we agree with the disposition of the case by the district court. Petitioner's contention is that he was denied the effective assistance of trial counsel because of an attorney/client conflict of interest. The district judge, relying on his recollection and trial notes, the record and an affidavit submitted by the attorney in question, found no merit to this allegation. This finding is amply supported. Petitioner is unable to demonstrate any actual conflict of interest here. The attorney in question fully disclosed pretrial his previous representation of interests adverse to Edwin's Jewelry and his then dissociation from those interests. We agree that this represents only the merest possibility of a conflict. Absent any demonstrable prejudice resulting from this previous business relationship, this claim cannot be maintained. Culyer v. Sullivan, 446 U.S. 335 (1980); O'Guin v. Foltz, 715 F.2d 397, 400 (6th Cir. 1983). Lack of actual prejudice is also fatal to this action generally under the holding of Strickland v. Washington, 466 U.S. 668 (1984). We affirm.
 
 
 5
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 6
 It is ORDERED that the final order of the district court be and it is hereby affirmed.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation