805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester Todd GADDIS, Petitioner-Appellant,
v.
William L. ABSHIRE, Respondent-Appellee.
 No. 85-1599.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This Michigan state prisoner appeals from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. Petitioner sought to attack his 1976 jury conviction of felony-murder for which he received a life sentence. For his first two arguments, the petitioner sought to challenge the trial court's jury instructions as erroneous and incomplete. Petitioner believed that it was error to instruct the jury that an accidental death could support a conviction for felony-murder. He also believed that the court should have instructed the jury on the lesser included offense of manslaughter because the victim's death was unintended and only in part caused by the petitioner. As his third argument, petitioner also claimed that it was error for the trial court to deny his motion in limine to prohibit the state from using his prior convictions as impeachment evidence.
 
 
 2
 Upon review of the cause in light of the arguments presented by the parties in their respective appellate briefs, this Court concludes that the district court properly dismissed petitioner's suit for the reasons stated by it. Petitioner's first two arguments rest on the false premise that felony-murder at the time of petitioner's trial could not be supported by an accidental death for which he was only partly responsible. At the time the petitioner was convicted in 1976, the State of Michigan did allow a defendant to be convicted of felony-murder if the fact-finder found that the defendant only intended to commit the underlying felony and a death resulted as a consequence of his intended conduct. Felony-murder constituted first-degree murder even if the defendant lacked the intent to kill the victim, and the death resulted from a casual accident.
 
 
 3
 In People v. Aaron, 409 Mich. 672, 299 N.W.2d 304 (1980), the Michigan Supreme Court held that commission of the underlying felony could no longer be equated with malice aforethought to supply the necessary element for first-degree murder, but that its ruling would only apply prospectively and to trials in progress. Id., 409 Mich. at 734. The Sixth Circuit has declined to apply People v. Aaron, supra, retroactively. O'Guin v. Foltz, 715 F.2d 397, 400 (6th Cir.1983). The ruling, therefore, does not apply to petitioner's 1976 trial.
 
 
 4
 Petitioner's third argument challenging the denial of his motion in limine is likewise without merit because he failed to preserve the issue for review by not testifying at this trial. See Luce v. United States, 469 U.S. 38 (1984).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant Rule 9(d)(3), Rules of the Sixth Circuit.