843 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen WEIDEMAN, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 87-1252.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for counsel, the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Weideman initiated a 28 U.S.C. Sec. 2254 petition for writ of habeas corpus alleging constitutional violations resulting from his conviction of armed robbery. The district court dismissed the petition and Weideman appealed.
 
 
 3
 The only argument which appellant makes on appeal is that he was misidentified as the robber. In order for an identification to be in violation of the due process clause, such identification procedure must be so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 384 (1968). Counsel was not present at the photo array but counsel was provided at the lineup. The Sixth Amendment does not guarantee an accused the right to counsel at photo arrays. Moore v. Illinois, 434 U.S. 220 (1977); United States v. Ash, 413 U.S. 300, 321 (1973). In determining whether there has been a misidentification, the following factors are considered: 1) the witness' opportunity to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of the witness' prior description of the criminal; 4) the witness' level of certainty demonstrated at the confrontation; and 5) the length of time between the crime and the confrontation. Owens v. Foltz, 797 F.2d 294 (6th Cir.1986). A special instruction incorporating these factors was given to the jury. In order to be entitled to habeas corpus relief, the instruction must render the entire trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); O'Guin v. Foltz, 715 F.2d 397 (6th Cir.1983). No due process violation was present in the case.
 
 
 4
 It is ORDERED that the motion for counsel be denied and the judgment of the district court be and hereby is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.