[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13311
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:09-cv-20752-MGC ; 1:05-cr-20718-MGC-1


JOSE ELIGIO RIOS,

                                                          Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2012)

Before TJOFLAT, EDMONDSON, and ANDERSON, Circuit Judges.

PER CURIAM:

    Jose Eligio Rios, a federal prisoner proceeding pro se, appeals the denial of

his 28 U.S.C. § 2255 motion to vacate. He raised several claims in his motion, but the only one relevant to this appeal is his third claim, in which he argued that the government violated his Sixth Amendment rights by deporting favorable witnesses and that his trial counsel was ineffective for failing to protect his Sixth Amendment rights in this regard. The magistrate construed this claim as asserting an ineffective-assistance-of-counsel claim and denied relief on the grounds that Rios could not show that the witnesses would have provided helpful testimony and that counsel made a reasonable strategic decision not to try to call these witnesses.

The district court adopted the magistrate's report but granted a certificate of appealability ("COA") "as to claim 3, as numbered in the [magistrate's] Report and Recommendation." As numbered in the magistrate's report, claim three was that Rios "was denied effective assistance of counsel when his attorney failed to obtain favorable witnesses, secure the testimony thereof, and failed to impeach the testimony of government witnesses."

On appeal, Rios argues only that he was denied his Sixth Amendment right to compulsory process because the government deported alien witnesses who allegedly would have testified that Rios had not brought the narcotics aboard the vessel.

The denial of a § 2255 motion to vacate presents a mixed question of law

2

and fact, with the district court's legal conclusions reviewed <u>de novo</u> and its findings of fact reviewed for clear error. <u>Rhode v. United States</u>, 583 F.3d 1289, 1290 (11th Cir. 2009). <u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys, but we will not act as de facto counsel for <u>pro se</u> parties or rewrite a deficient pleading. <u>GJR Invs., Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998), <u>overruled on other grounds as recognized in</u>, <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010).

The scope of review on appeal is limited to the issues specified in the COA. <u>Murray v. United States</u>, 145 F.3d 1249, 1251 (11th Cir. 1998). Issues not raised by a <u>pro se</u> litigant in his initial brief before this Court are deemed abandoned. <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008).

In his brief to this Court, Rios has failed to put forth any argument challenging the district court's conclusion that Rios's counsel was not ineffective for failing to call the deported witnesses. This issue is waived, and we do not consider it. <u>Id.</u>[1]

Rather, Rios's brief is devoted entirely to arguing that the government

---

[1] Even if we very broadly construe Rios's brief to this Court as arguing a claim of ineffective assistance of counsel, Rios has not provided any evidence whatsoever to support his claim that the deported witnesses would have testified that Rios was not involved in loading the hashish oil onto the vessel. <u>See</u> <u>Fortenberry v. Haley</u>, 297 F.3d 1213, 1225 (11th Cir. 2002) (noting that petitioner must present evidence to show that "there is a reasonable probability that . . . the result of the proceeding would have been different").

violated his constitutional right to compulsory process by deporting favorable witnesses. This issue is outside the scope of the COA, which was granted on "claim 3, as numbered in the [magistrate's] Report and Recommendation." As described in the magistrate's report, claim three was merely an ineffective-assistance-of-counsel claim. It did not include the argument that Rios's right to compulsory process had been violated. Therefore, we decline to entertain Rios's argument about compulsory process. See Murray, 145 F.3d at 1251.

Furthermore, even if we broadly construe the COA to include the compulsory-process claim, we still cannot entertain this issue because Rios did not raise it on direct appeal, and he has not presented any cause excusing this failure, nor prejudice resulting from it. See Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990) ("In a section 2255 federal habeas motion, a movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors. If the requisite cause and prejudice is not shown, we will not review the merits of the appellant's claims even upon a showing of plain error on the part of the lower court.") (citation and quotations omitted); see also Thor v. United States, 574 F.2d 215, 217-18 (5th Cir. 1978).

AFFIRMED.[2]

---

[2]      Rios's request for oral argument is DENIED.