STUCKY, Judge
(concurring in the result):
I concur that the trial counsel violated his discovery obligations with regard to the box and its contents, and that Appellant was *492 prejudiced by the violations. I am concerned, however, with the approach taken by the majority with regard to the banana. I believe that the military judge’s determination that the banana was within the possession, custody, or control of the Government was clearly erroneous: it was in the possession, custody, and control of the sheriff and his staff, not “military authorities.” Rule for Courts-Martial (R.C.M.) 701(a)(2)(A).
The majority opinion begins its analysis of the banana by citing dicta from several cases, the holdings of which do not support the propositions attributed to them or which are taken out of context. The majority opinion cites United States v. Marshall, 132 F.3d 63, 69 (D.C.Cir.1998), and United States v. Brazel, 102 F.3d 1120, 1150 (11th Cir.1997), for the proposition that a trial counsel cannot avoid disclosure obligations under R.C.M. 701(a)(2)(A) by leaving the evidence in the hands of another agency while using it to prepare his own case. United States v. Stellato, 74 M.J. 473, 484-85 (C.A.A.F.2015). Not only is the statement a dictum — in those cases the courts held that the United States did not violate Fed.R.Crim.P. 16 by failing to provide the defense with materials in the hands of a local police department or court because the materials were neither possessed nor controlled by the government — but a dictum that is not applicable to Appellant’s case. There is no evidence or allegation that the trial counsel used the banana to prepare his case.
The majority then lists four “scenarios in which evidence not in the physical possession of the prosecution team is still within its possession, custody, or control.”[1] Id. at 484-85. Scenario (1) — “the prosecution had knowledge of and access to the object” — and scenario (3) — “the evidence resides in another agency but was part of a joint investigation”—are based on United States v. Bryan, 868 F.2d 1032, 1036-37 (9th Cir.1989). In that case, the Ninth Circuit held that the accused, who was charged after a nationwide IRS investigation of his activities, was enti-tied to discovery of documents and witness statements both within and outside the District of Oregon. Id. at 1033, 1036. The materials had been developed as part of a nationwide federal investigation and were all in the hands of the federal government. This is not Appellant’s case.
Scenario (2) — “the prosecution has the legal right to obtain the evidence” — is based on one sentence in an opinion 'of a federal district court, without any citation to authority, which concerns the legal right of the government to obtain materials from an accused based on a deferred prosecution agreement. United States v. Stein, 488 F.Supp.2d 350, 363 (S.D.N.Y.2007). This is not Appellant’s case.
Scenario 4 — “the prosecution inherits a case from a local sheriffs office and the object remains in the possession of the local law enforcement”—is based on United States v. Poulin, 592 F.Supp.2d 137, 142-43 (D.Me.2008), a federal district court case. There, the federal government inherited a sheriffs investigation and gained such control over a state “apparatus” that contained “a searcha-ble collection of recordings of telephone conversations” that “the state agency’s own use of the system [was] largely at the Government’s direction.” Id. at 142-43. The federal government clearly controlled the “apparatus.” This is not Appellant’s case.
A close examination of the cited cases shows that they cannot support the four broad scenarios stated by the majority to be the “case law” of the “Article III courts,” and certainly cannot support the proposition relevant to the issue in this case — whether possession of the banana by a local law enforcement agency constitutes constructive possession by “military authorities.” Rather, the consistent position of Article III precedent at the federal circuit court level is that “the government’s possession, custody, or control” does not encompass objects possessed and controlled by an agency of a state or local government. See United States v. Sarras, 575 F.3d 1191, 1215 (11th Cir.2009) (federal government had no duty to turn *493 over computers and camera in possession and control of owners or medical records in possession and control of county agency); United States v. Chavez-Vernaza, 844 F.2d 1368, 1374-75 (9th Cir.1987) (“[T]he federal government had no duty to obtain from state officials documents of which it was aware but over which it had no actual control.” (discussing United States v. Gatto, 763 F.2d 1040, 1047-49 (9th Cir.1985))); Thor v. United States, 574 F.2d 215, 220-21 (5th Cir.1978) (address book in state police control not within “possession, custody or control of the government”); see also United States v. Matthews, 20 F.3d 538, 550 (2d Cir.1994) (citing Thor approvingly).
The majority recognizes, in somewhat of an understatement, that “the facts of the instant ease may not fit neatly within any of the circumstances outlined in the above case law.” Stellato, 74 M.J. at 485. Nevertheless, it then asserts that because the trial counsel had access to other evidence held by the Sheriffs Department, and was eventually able to obtain the banana, the military judge did not abuse his discretion in finding a discovery violation. The fact that the trial counsel had access to other evidence held by the Sheriffs Department or was later able to obtain the banana does not change the discovery calculus. Military authorities did not have possession, custody, or control over the banana and, therefore, did not commit a discovery violation by failing to provide it to the defense.

. Of course, it matters not whether the item is within the possession, custody, or control of the prosecution team. The issue is whether it is in possession, custody, or control of “military authorities.” See R.C.M. 701(a)(2)(A).