Mark C. **KETTERHAGEN**, Petitioner,

v.

**Darrell A. KOLB and Bronson C. LaFollette, Attorney General of the State of Wisconsin, Respondents.**

**Civ. A. No. 86–C–361.**

United States District Court, E.D. Wisconsin.

Dec. 19, 1986.

Mark Ketterhagen, pro se.

Sharon Ruhly, Asst. Atty. Gen., Madison, Wis., for respondents.

DECISION and ORDER

TERENCE T. EVANS, District Judge.

In a rational system of justice one would expect that a conviction, entered over eleven years ago would, if anything, be final by now. But we know from experience that, as they sang in *Porgy and Bess*, "It ain't necessarily so." *See also Rogers v. Israel*, 597 F.Supp. 1319 (E.D.Wis.1984). This case is but another in a long line of hoary ones that have beaten paths to this courthouse over the last few years. The facts require that we return, albeit briefly, to 1975.

Mark Ketterhagen was convicted in 1975 of the first-degree murder of 16–year old Cathy Ziebell. He now asks me to set aside that conviction in his petition for habeas corpus. Ketterhagen, by the way, wrote and filed his own brief. The brief is extraordinary; as good as those submitted by most attorneys. Obviously, Ketterhagen is one very bright fellow.

Ketterhagen and Ziebell began dating in October, 1974. In March, 1975, two months after she had stopped seeing Ketterhagen, Ziebell told him that she was pregnant and he was the father. Shortly thereafter, Ketterhagen discussed the situation with Ziebell and her mother at the Ziebells' residence. Mrs. Ziebell said she was against Cathy getting an abortion or marrying Ketterhagen. She said adoption was a possibility, but that Ketterhagen would still be responsible for paying Cathy's medical bills.

Two days later Ketterhagen, after drinking extensively, spoke to Ziebell on the phone, then went to her house and picked

her up. He drove out to the country, stopped the car on a bridge over the Fox River and got out. Ketterhagen testified that Ziebell then stepped out of the car and told him "she was going to stick it to him." Angered, Ketterhagen grabbed a .357 Magnum pistol from the front seat of his car and shot Ziebell four times from a distance of seven or eight feet. Ketterhagen then pushed Ziebell's body off the bridge and into the Fox River.

At the close of his trial, Ketterhagen asked the court to instruct the jury on the lesser included offense of heat of passion manslaughter, Wis.Stat. § 940.05(1). The court refused, and instead gave instructions on first- and second-degree murder and the defense of intoxication. After the jury returned its verdict, the court denied Ketterhagen's post-conviction motions. The Wisconsin Supreme Court affirmed the trial court's decision.

Here, Ketterhagen cites two grounds for relief. Both go to the trial court's decision not to give a heat of passion instruction. He argues, first, that there was sufficient evidence to justify such an instruction and, second, that the standard used in Wisconsin to determine whether a lesser included offense instruction is appropriate is unconstitutional.

■ Ketterhagen's first contention is not supported by either the applicable law or the evidence presented at trial. According to the Court of Appeals for the Seventh Circuit,

> The failure to instruct on a lesser included offense, even if incorrect under state law, does not warrant setting aside a state conviction unless "failure to give the instruction could be said to have amounted to a fundamental miscarriage of justice."

*Williford v. Young*, 779 F.2d 405, 406 (7th Cir.1985) (quoting *Nichols v. Gagnon*, 710 F.2d 1267, 1269 (7th Cir.1983).

Ketterhagen maintains that a heat of passion instruction was called for because of his testimony that Ziebell told him she was going to stick it to him. Such scant evidence falls far short of convincing me that the trial court's decision was incorrect, or, more important, that the omission of a heat of passion instruction amounted to a fundamental miscarriage of justice.

■ Ketterhagen's second argument is that by requiring a defendant to introduce "sufficient" or "some" evidence to raise the heat of passion issue, see *State v. Lee,* 108 Wis.2d 1, 11–12, 321 N.W.2d 108 (1982), Wisconsin has shifted the burden of proof to the defendant to disprove the intent element of first-degree murder. This, he continues, violates the United States Supreme Court's decision in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

This claim, too, must be rejected. As the Court in *Mullaney* explained,

> Many States do require the defendant to show that there is "some evidence" indicating that he acted in the heat of passion before requiring the prosecution to negate this element by proving the absence of passion beyond a reasonable doubt.... Nothing in this opinion is intended to affect that requirement.

*Mullaney,* 421 U.S. at 701 n. 28, 95 S.Ct. at 1891 n. 28.

For these reasons, Ketterhagen's petition for a writ of habeas corpus is DENIED.