PILON *v.* BORDENKIRCHER, WARDEN

No. 78–6932.   Decided October 9, 1979

Per Curiam.

The petitioner was convicted in a Kentucky court on a charge of first-degree manslaughter, and the judgment of conviction was sustained on direct appeal. *Pilon* v. *Common-*

1

*wealth,* 544 S. W. 2d 228 (Ky. 1976). The petitioner then filed a habeas corpus petition in a Federal District Court, alleging that the Kentucky conviction was supported by evidence insufficient to afford him due process of law. The federal court denied relief. Applying the "no evidence" test of *Thompson* v. *Louisville,* 362 U. S. 199 (1960), the court concluded that "[a]lthough this was a close case on the evidence, we believe that the case was not devoid of an evidentiary basis for petitioner's conviction."* The Court of Appeals for the Sixth Circuit, also relying on the "no evidence" test, affirmed the denial of habeas corpus relief. 593 F. 2d 264.

Thereafter, this Court in *Jackson* v. *Virginia,* 443 U. S. 307 (1979), held that the *Thompson* "no evidence" test is constitutionally inadequate in a case such as this. An earlier decision had made clear that the Due Process Clause of the Fourteenth Amendment prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *In re Winship,* 397 U. S. 358 (1970). The Court in *Jackson* held that this constitutional requirement can be effectuated only if a federal habeas corpus court, in assessing the sufficiency of the evidence to support a state-court conviction, inquires "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U. S., at 319 (emphasis omitted).

It is thus beyond dispute that the District Court and Court of Appeals applied an incorrect and inadequate constitutional test in resolving the petitioner's due process claim that his state-court conviction rested on insufficient evidence. Although it is quite possible that the evidence against the petitioner will survive a challenge under the correct constitutional standard, he is entitled to have his application for habeas corpus considered under that standard.

---

*The opinion of the District Court is unreported.

The motion for leave to proceed *in forma pauperis* and the petition for certiorari are granted, the judgment is vacated, and the case is remanded to the District Court for the Western District of Kentucky so that it may consider the petitioner's application for habeas corpus in the light of *Jackson* v. *Virginia.*

*It is so ordered.*