WATSON, Justice.
Defendant, Thomas Nathan Tufts, was charged by bill of information with two counts of obtaining Demerol, a Schedule II drug, “knowingly and intentionally ... by misrepresentation, fraud, forgery, deception or subterfuge,” in violation of LSA-R.S. 40:971(B)(l)(b).[1] After trial by jury, Tufts was found guilty on both counts. The sentence was two years in parish prison on each count, to run concurrently, and a fine of five hundred dollars for each offense.
Defendant appeals his conviction and sentence, contending that there was insufficient evidence to prove fraud, misrepresentation, forgery, deception or subterfuge, and the trial court erred in denying a new trial.
FACTS
On July 6, 1979, Tufts walked into the pharmacy owned by Phil Waltz in Ruston, Louisiana. Waltz filled two prescriptions, one Demerol and one Keflex, an antibiotic. Both prescriptions were issued on pads from the Woman’s Hospital Pharmacy in Baton Rouge, made out to a Jessica Williams and signed by a Dr. Jack Ruli. Waltz testified that: “He told me that he was up here with his wife-to-be, they were gonna look for a place to live. * * * She had just had surgery, * * * It’s very commonplace for a physician to prescribe an antibiotic after surgery to prevent infection from setting in . . .”. (Tr. 39) The tablets of Demerol were apparently for post-surgical pain and the dosage units for both drugs appeared legitimate.
*1115 On July 22, Tufts went into a pharmacy across the street with prescriptions for Demerol, Keflex, and Norinyl, a birth control pill. The blanks were from the same hospital and signed by the same doctor, but the patient’s name this time was Robin Hebert. Since the owner-pharmacist, Albert Brazzel, was unable to supply the Demerol tablets, he called Waltz. Waltz brought them over, recognized Tufts and saw the similar prescriptions. Brazzel agreed with Waltz that the dosage units appeared legitimate. The history given Brazzel was similar to that given Waltz: Tufts and his prospective wife, who had had surgery, had just come to town.
Thomas R. Hightower, the administrator of Woman’s Hospital in Baton Rouge, testified that the hospital pharmacy ordinarily sells drugs only to patients in the hospital or being discharged. Hightower was familiar with the doctors operating at his hospital and had never heard of Dr. Jack Ruli of New Orleans. He admitted the possibility of an outside doctor having a prescription pad from the hospital pharmacy.
The issue is whether the State carried its burden of proving beyond a reasonable doubt that Tufts obtained the Demerol by misrepresentation, fraud, forgery, deception, or subterfuge.
Tufts unquestionably obtained possession of a controlled dangerous substance from the two druggists. However, he did not represent himself to be the person named in the two prescriptions. While it is unlikely that he was engaged during the period of one month to two separate women, both of whom had had surgery, it is not impossible. A reasonable doubt remains. Criminal guilt cannot be inferred merely from two concatenate situations. The State failed to prove that Dr. Jack Ruli did not exist; that he did not write the prescriptions for the two women; or that the prescriptions were not legitimate. The terms misrepresentation, fraud, forgery, deception and subterfuge all imply an element of trickery. Essentially, the two pharmacists were not deceived. They filled what appeared to be legitimate prescriptions. The State did not prove that this was not the case. A rational trier of fact could not conclude beyond a reasonable doubt that Tufts obtained Demerol by fraud, forgery, deception, or subterfuge. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Pilon v. Bordenkircher, 444 U.S. 1, 100 S.Ct. 7, 62 L.Ed.2d 1 (1979).
Defendant’s conviction and sentence must be set aside, and a judgment of acquittal entered. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Liggett, 363 So.2d 1184 (La., 1978); State v. Thompson, 366 So.2d 1291 (La., 1978).
For the foregoing reasons, the conviction and sentence of defendant, Thomas Nathan Tufts, are reversed and vacated. A judgment of acquittal is entered.
REVERSED.
LEMMON, J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.

. LSA-R.S. 40:971(B)(l)(b) provides that “It shall be unlawful for any person knowingly or intentionally ... To acquire or obtain possession of a controlled dangerous substance by misrepresentation, fraud, forgery, deception, or subterfuge . . . ”,