**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johnny Lee JELSMA a/k/a Lawrence a/k/a J. J., Defendant–Appellant.**

**No. 80–1506.**

United States Court of Appeals,
Tenth Circuit.

Argued July 10, 1980.

Decided Sept. 10, 1980.

Rehearing Denied Oct. 27, 1980.

Mac Oyler of Oyler, Smith & Bane, Oklahoma City, Okl. (Robert A. Jackson, Oklahoma City, Okl., with him on the briefs), for defendant–appellant.

Larry D. Patton, U. S. Atty., for W. D. Okl., and Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff–appellee.

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Section 1955 of Title 18, United States Code, defines "illegal gambling business" to include "five or more persons." During the poll of the jury at the trial of appellant and several other defendants, the jury foreman retracted his guilty vote for one defendant. Because the jury was not repolled to determine what effect, if any, the switch had on the guilty verdicts of appellant and other defendants, we reversed the judgments and remanded for a new trial. *United States v. Morris*, 612 F.2d 483 (10th Cir. 1979). Appellant did not seek a rehearing of that

decision. Prior to commencement of the second trial, appellant moved to dismiss the indictment on double jeopardy grounds, and this appeal is from the denial of that motion. The district court has stayed proceedings during the pendency of the appeal. Record, vol. 6, at 1183.

■ The *Morris* opinion specifically considered the sufficiency of the evidence to insure that a retrial would not violate double jeopardy principles. 612 F.2d at 491–95. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). *Morris* is on this issue the law of the case, *see Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912); *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir. 1967), and the district court had no choice but to deny appellant's motion to dismiss on double jeopardy grounds. *See Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 663 (5th Cir. 1974). At the same time appellant is correct that, under the doctrine of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), we have jurisdiction to hear this appeal. *Abney* permits an interlocutory appeal to prevent a defendant from having to undergo the trauma of an improper second trial. *Cf. United States v. Central Liquor Co.*, 628 F.2d 1264 (10th Cir. 1980). However, appellant presents us with no new and supervening rule of law that would require us to revise our earlier painstaking treatment of the sufficiency of the evidence issue. *Cf. Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

Appellant's argument that the "substantial evidence" standard which we applied has been implicitly overturned by decisions of the Supreme Court is simply incorrect. The "any rational trier of fact" test, *see Pilon v. Bordenkircher*, 444 U.S. 1, 100 S.Ct. 7, 8, 62 L.Ed.2d 1 (1979); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979),[1] is, if anything, a narrower test fashioned for habeas corpus re-

view of state criminal convictions. *"Any rational trier"* does not mean, as appellant apparently believes, *all* rational triers.

■ Finally, appellant presents a number of juror affidavits to convince us that some jurors were seriously confused and that the jury did not agree on the involvement of five persons in the gambling scheme. Federal Rule of Evidence 606(b) specifically precludes judicial "inquiry into the validity of a verdict." For very good reasons, this court may not examine the factors "influencing [a juror] to assent to or dissent from the verdict." *See United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980). Appellant relies on Mr. Justice Cardozo's opinion in *Clark v. United States*, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1932), for authority to "let the light in" on jury deliberations. However, *Clark* involved the serious question, not present here, of a juror's fraudulent presence on the panel. Only then, once a prima facie case of fraud was presented, did the Court permit breach of the sanctity of the jury room. Rule 606(b) itself provides exceptions for determining "whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." No such allegations have been made in this case.

AFFIRMED.

---

1. "[T]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789 (emphasis in original).