## UNITED STATES of America, Plaintiff-Appellee,

v.

## Lewis PALZER, Defendant-Appellant.

### No. 83–5091.

United States Court of Appeals, Eleventh Circuit.

April 24, 1984.

Joseph Beeler, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Chris K. Gober, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

This matter is before an administrative panel of the court upon the United States' motion to dismiss this appeal, in which the government concedes that the district court committed reversible error and urges this court to vacate the verdict and remand the case for a new trial. Because the government's motion raises possible double jeopardy principles which would prohibit retrial of the defendant, we have decided that the government's motion should be carried with the main appeal in this case and decided by a panel of the court after full oral argument.

Appellant was convicted under a two-count indictment for failure to comply with Customs declaration laws. The circumstances surrounding the jury's verdict, however, were unusual. The jury rendered a verdict of "guilty" on both counts, but when polled, one juror indicated that her verdict was "not guilty." Upon discovering that the verdict was not unanimous, the district judge told the jurors to return to deliberations and that it must render a unanimous verdict. The jury then returned, and rendered its guilty verdict. Appellant filed his notice of appeal, alleging several bases for reversal of his conviction, one of which was that the district court erred in sending the jury back to the jury room and instructing them to return a unanimous verdict. The government now concedes that the district court erred in this respect, but has requested this court to dismiss the appeal and remand the case to the district court for retrial on both counts. Appellant urges that the appeal should proceed, because three of the grounds for reversal (one on Count I and two as to Count II) would, if accepted by this court, require the entry of a judgment of acquittal and, therefore, double jeopardy principles would prohibit retrial. The contentions which appellant maintains would require the entry of a judgment of acquittal are:

> Count I: The *evidence was insufficient* to warrant a finding of guilty beyond a reasonable doubt of making a false statement in violation of 18 U.S.C. § 1001; Count II: (1) The government's misleading advice as to the requirements of the Customs laws deprived defendant of his due process rights and (2) Defendant could not be prosecuted for failing to file Customs Form 4790 because that form was never properly promulgated by the U.S. Customs Service.

■ Cases decided in other circuit courts indicate that this court should accept Pal-

zer's appeal and consider at least his claim that the evidence was insufficient to support a verdict of guilt. *United States v. United States Gypsum Co.*, 600 F.2d 414, 416 (3d Cir.), *cert. denied*, 444 U.S. 884, 100 S.Ct. 175, 62 L.Ed.2d 114 (1979); *United States v. Jelsma*, 630 F.2d 778 (10th Cir. 1980); *United States v. Marolda*, 648 F.2d 623, 624 (9th Cir.1981); *Delk v. Atkinson*, 665 F.2d 90, 92–93 & n. 1 (6th Cir.1981); and *United States v. Sneed*, 705 F.2d 745, 748–49 (5th Cir.1983). *See also United States v. Bizzard*, 674 F.2d 1382 (11th Cir.), *cert. denied*, 459 U.S. 973, 103 S.Ct. 305, 74 L.Ed.2d 286 (1982). All of those cases involved a plea of double jeopardy on the part of a defendant after a reversal of his conviction by an appellate court on grounds other than the sufficiency of the evidence. The instant appeal has not yet reached that stage. This case is fully briefed and ready for assignment to the oral argument calendar, but no consideration has been given to the merits of any contention made by the appellant. The double jeopardy problem comes to our attention now only because the government agrees that one claimed error is valid and appellant is entitled to a new trial. That conceded ground, however, is a trial error, and, as the above-cited cases indicate, the Double Jeopardy Clause bars retrial after reversal of a conviction for an error at trial if the evidence was insufficient to support the verdict. 2 Wright, *Federal Practice and Procedure*, § 470 at 679. The reasoning behind this rule stems, in part, from the "special weight" the Double Jeopardy Clause "attaches to judgments of acquittal." *Tibbs v. Florida*, 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982). Whether that "special weight" attaches to a judgment of acquittal on grounds other than the sufficiency of the evidence, such as those challenges raised by appellant as to his conviction under Count II, is unclear.[1]

---

**1.** Although the Supreme Court has indicated that insufficiency of the evidence at the first trial is "precisely the circumstance in which [the double jeopardy principles enunciated in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57

L.Ed.2d 1 (1978) ] preclude[ ] retrials," *Hudson v. Louisiana,* 450 U.S. 40, 43, 101 S.Ct. 970, 972, 67 L.Ed.2d 30, 33 (1981), no case has been found which indicates that *only* when the evi-

Because of the novelty of this issue and because of our possibly placing the defendant in double jeopardy if we remand this case to the district court at this time without first considering those issues which would warrant the entry of a judgment of acquittal, we neither grant nor deny the government's motion, but instead carry it with the full case. Both the government and the appellant are requested to fully brief this issue with supplemental briefs within twenty days after this order is filed, which briefs shall be filed contemporaneously. Thereupon, the case will be assigned to the oral argument calendar for the fixing of a calendar date. The government's additional motion for an extension of time for filing a brief on points 4 and 5 is granted and it shall have twenty days from the date of this order in which to file such brief.

It is ordered that the appellee's motion to vacate the verdict and remand the case for retrial is CARRIED WITH THE CASE.

*dence is insufficient to support the conviction*   *do double jeopardy protections attach.*