**Dante FERRAZZA, Petitioner-Appellee,**

v.

**Barry MINTZES, Respondent-Appellant.**

**No. 83–1301.**

United States Court of Appeals,
Sixth Circuit.

Argued April 16, 1984.
Decided May 25, 1984.

---

**2.** 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.05(C).

Frank J. Kelley, Atty. Gen. of Michigan, Eric J. Eggan, Asst. Atty. Gen., argued, Lansing, Mich., for respondent-appellant.

James C. Thomas, Jamie Thomas, argued, Royal Oak, for petitioner-appellee.

Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.

MERRITT, Circuit Judge.

■ In this habeas corpus case, the evidence presented against petitioner at his state trial for first degree murder shows that he participated in the murder of an individual who had been strangled to death, weighted with cement blocks and thrown into a lake. The Respondent Warden appeals from the District Court's judgment granting the writ. The District Court held—we believe, incorrectly—that the state trial court's failure to instruct the jury on a lesser included homicide offense in addition to first degree murder violated defendant's constitutional right to due process protected by the Fourteenth Amendment. In *Hopper v. Evans*, 456 U.S. 605, 611, 102 S.Ct. 2049, 2052, 72 L.Ed.2d 367 (1982), the United States Supreme Court held in a capital case that "due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction." *See also Beck v. Alabama*, 447 U.S. 625, 637, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392 (1980). The principle is not limited to capital cases and should be applied here as well. *See Pilon v. Bordenkircher*, 593 F.2d 264, 267 n. 4 (6th Cir.), *vacated and remanded on other grounds*, 444 U.S. 1, 100 S.Ct. 7, 62 L.Ed.2d 1 (1979).

■ We do not find evidence in the record below which "warrants" an instruction on a lesser offense. The evidence supports the conviction of the petitioner for first degree murder and does not support the commission of the crime with less culpable intent or diminished capacity. *Hopper v. Evans*, 456 U.S. at 611, 100 S.Ct. at 2389. The evidence presented at petitioner's trial clearly indicated petitioner participated in the murder of an individual whom petitioner had forced from a bowling alley at gunpoint the evening before the deceased's body was found floating in a lake. The deceased had been tied about the neck and ankles with plastic-coated wire washline and had been weighted down with two cement patio blocks. The deceased died as a result of asphyxia due to strangulation.

■ Petitioner also makes an additional argument that the Michigan Supreme Court's failure to apply the rule of *People v. Jones*, 395 Mich. 379, 236 N.W.2d 461 (1975) (a defendant under state law has a right upon request to have the jury instructed on a necessarily included offense), retroactively to his case violates federal equal protection. We know of no authority or equal protection principle requiring retroactive application of a new rule of criminal law to cases which had become final prior to the new decision. *See Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1964).

We thus conclude that neither due process nor equal protection requires an instruction on a lesser included offense in a

case—such as the instant one—where the evidence so clearly demonstrates that the petitioner is guilty of first degree murder, that is, murder with premeditation and deliberation. Accordingly, we reverse the judgment of the District Court.[1]

**1.** On respondent's argument that we need not reach the merits because of the petitioner's failure to exhaust, we agree with petitioner that it is now futile for petitioner to return to the state courts which have indicated that they will not consider further petitions for post-conviction relief based on issues which could have been but were not raised in post-conviction actions. *See Keener v. Ridenour,* 594 F.2d 581 (6th Cir.1979); *Smith v. Estelle,* 562 F.2d 1006 (5th Cir.1977).

Respondent also argues that neither the District Court nor this Court should hear the claim on the merits because an adequate and independent state ground exists: namely, that the Michigan Supreme Court's refusal to apply retroactively to petitioner's case the rule in *People v. Jones,* 395 Mich. 379, 236 N.W.2d 461 (1975), is purely a question of state law. The error in this argument is that if the rule of the *Jones* case were in fact required by federal due process—a position we have rejected above—the retroactivity of such a federal rule would also be a question of federal law.