762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald Clark, Petitioner-Appellant,
v.
Al C. Parke, Warden, and Attorney General of Kentucky,
Respondents-Appellees.
 No. 84-5933
 United States Court of Appeals, Sixth Circuit.
 3/6/85
 
 ORDER
 BEFORE: WELLFORD and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Petitioner requests the appointment of counsel in his appeal from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Section 2254. This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was indicted by a Jefferson County Grand Jury of burglary in the first degree, possession of a handgun by a convicted felon, theft by unlawful taking and being a persistent felony offender. The indictment charging possession of a handgun was dismissed prior to trial. A trial by jury was held on the burglary in the first degree and persistent felony offender counts. Petitioner was found guilty on both counts and given a twenty year sentence. Petitioner's conviction was affirmed by the Kentucky Supreme Court.
 
 
 3
 As grounds for federal habeas relief, petitioner raises two claims: (1) that his constitutional rights were violated when rebuttal testimony was allowed in violation of a separation order; and (2) that the trial court should have instructed the jury on the lesser included offense of burglary in the third degree. In denying petitioner's writ, the district court held that there was no evidence to support a lesser included offense charge and, accordingly, held that it was not required to be given. Hopper v. Evans, 456 U.S. 605, 611 (1982), Ferrazza v. Mintzes, 735 F.2d 967 (6th Cir. 1984). The district court further held that the admission of the rebuttal testimony was a matter of state evidentiary law committed to the trial court's discretion. Logan v. Marshall, 680 F.2d 1121 (6th Cir. 1982); Walker v. Engel, 703 F.2d 959 (6th Cir.), cert. denied, ---- U.S. ----, 104 S. Ct. 367 (1983).
 
 
 4
 Upon consideration, this Court agrees with the conclusions of the district court.
 
 
 5
 Accordingly, it is ORDERED that the district court's order be, and is hereby, affirmed for the reasons stated by Judge Charles M. Allen in his memorandum opinion dated September 28, 1984. Rule 9(d)(3), Rules of the Sixth Circuit. It is further ORDERED that the motion for appointment of counsel be, and is hereby, denied.