772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL REEDY, PETITIONER-APPELLANT,
v.
WILLIAM SEABOLD, WARDEN, AND ATTORNEY GENERAL OF KENTUCKY,
RESPONDENTS-APPELLEES.
 NO. 85-5418
 United States Court of Appeals, Sixth Circuit.
 8/29/85
 
 1
 W.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MERRITT and CONTIE, Circuit Judges; and RUBIN, Chief District Judge.*
 
 
 3
 The petitioner appeals the judgment denying his pro se petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 4
 The petitioner was convicted by a jury for the offenses of automobile theft and first-degree persistent felony offender. He was sentenced to ten years imprisonment. On direct appeal, the Kentucky Court of Appeals affirmed the conviction and the Kentucky Supreme Court denied discretionary review.
 
 
 5
 There are three claims in the present habeas action:
 
 
 6
 (1) The trial court improperly excused a juror for cause after closing arguments;
 
 
 7
 (2) The trial court erred in denying the petitioner's request for a jury instruction on the lesser included offense of unauthorized use of an automobile, i.e., 'joyriding;' and
 
 
 8
 (3) The trial court's denial of defense counsel's motion for continuance resulted in the denial of effective assistance of counsel.
 
 
 9
 The district court found these claims without merit and entered judgment denying relief. This timely appeal followed.
 
 
 10
 Upon review of the record, including the transcripts of the state trial, we conclude the district court did not err in finding the petitioner's claims without merit. The juror in question clearly indicated he would have difficulty in finding the petitioner guilty of any crime because of the petitioner's history of alcoholism. Although the petitioner is entitled to a 'fair trial by a panel of impartial, 'indifferent' jurors,' Irvin v. Dowd, 366 U.S. 717, 722 (1961), the same is true for the prosecution. Spinkellink v. Wainwright, 578 F.2d 582, 596 (5th Cir. 1978), cert. denied, 440 U.S. 976, reh. denied, 441 U.S. 937 (1979). The petitioner is not entitled to a jury or juror favorable to his defense. Jeffers v. United States, 451 F.Supp. 1338, 1347 (N.D. Ind. 1978); United States v. Kline, 221 F.Supp. 776, 783 (D. Minn. 1963). Under the circumstances in this case, removal of the juror was not constitutional error.
 
 
 11
 Instructions on lesser included offenses are required only when the evidence presented at trial so warrants. Ferrazza v. Mintzes, 735 F.2d 967 (6th Cir. 1984). In this case, the overwhelming evidence against the petitioner did not warrant an instruction on joyriding.
 
 
 12
 Finally, a review of the state trial transcripts does not support the petitioner's claim that trial counsel rendered ineffective assistance. Counsel was appointed at least six days before trial and had ample opportunity to undertake discovery. The facts of the offense were simple and straightforward and the record does not suggest how additional time to prepare for trial would have added to the petitioner's defense. The district court did not err, therefore, in finding the denial of continuance failed to raise a meritorious claim. See Avery v. Alabama, 308 U.S. 444 (1940); United States v. Martin, 740 F.2d 1352, 1360-61 (6th Cir. 1984); United States v. Sisk, 411 F.2d 1192, 1194-95 (6th Cir. 1969), cert. denied, 396 U.S. 1018 (1970).
 
 
 13
 It is ORDERED that the motion for counsel be and it hereby is denied.
 
 
 14
 Upon examination of the record and the petitioner's brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Therefore,
 
 
 15
 It is further ORDERED that the district court's judgment of April 23, 1985 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation