859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary BAKER, Petitioner Appellant,
v.
Norris W. McMACKIN, Superintendant Appellee.
 No. 87-4056.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and CARL B. RUBIN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Petitioner appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. For the reasons set forth in this opinion, we affirm the district court's decision.
 
 I.
 
 2
 On May 10, 1985, petitioner was indicted by the Grand Jury of Cuyahoga County on aggravated burglary in violation of Ohio Rev.Code Sec. 2911.11, aggravated murder with a felony murder specification in violation of Ohio Rev.Code Sec. 2903.01, and on aggravated robbery in violation of Ohio Rev.Code Sec. 2911.01. Prior to trial the murder specification was eliminated. On October 23, 1985, the jury returned a verdict of not guilty of aggravated burglary, not guilty of aggravated murder, but guilty of aggravated robbery. Petitioner was sentenced to a term of 10 to 25 years. Petitioner appealed through counsel to the state court of appeals which affirmed the conviction on November 26, 1986. The Ohio Supreme Court denied leave to appeal for lack of a substantial constitutional question. This entry was dated March 5, 1987. On June 24, 1987 Petitioner filed a pro se petition for a writ of habeas corpus in the district court. On October 1, 1987 the United States Magistrate filed his report and recommendation denying the writ and on November 2, 1987, the district court adopted the report and recommendation of the Magistrate. Petitioner appeals from this ruling of the district court.
 
 II.
 
 3
 The evidence at trial showed that Joseph Lewis, a sixty-seven year old widower, was found dead on the floor of his first floor apartment by a friend, Charles Stewart. Lewis had been stabbed to death. Stewart testified that when he discovered the body at 12:45 a.m., Lewis's television was in the room and that aside from a knife on the bed, the room was in order. Stewart exited the apartment and waited across the street until the police arrived at 2:18 a.m.. When Stewart accompanied the police to Lewis's apartment, he observed that the television set and the knife on the bed were missing and that the room had been ransacked.
 
 
 4
 Further evidence showed that petitioner was observed shortly after the estimated time of the victim's death in the vicinity of the victim's residence carrying items similar to those that had been stolen from the victim. Petitioner's fingerprints were also found on a glass and a bottle of beer in the victim's apartment. Moreover, petitioner initially denied knowing the victim at the time he was apprehended.
 
 III.
 
 5
 Petitioner raises five substantive issues on appeal. Respondent argues that this appeal should be restricted to one issue only. Respondent asserts that petitioner objected to only one of the Magistrate's findings: the claim that his Fifth Amendment privilege against self-incrimination was violated by the police officer's reference to a polygraph examination and that therefore only this issue should be heard on appeal.
 
 
 6
 The Magistrate addressed all issues brought by appellant in this appeal in his report and recommendation. Petitioner, however, acting pro se, filed specific objections only on the Fifth Amendment issue but included in his memorandum a general objection to all of the Magistrate's findings. The Court deems such a general objection by a pro se litigant to be sufficient to preserve his objection on appeal.
 
 
 7
 In connection with petitioner's claim concerning the police officer's testimony about the polygraph test, the police officer stated at trial: "Well, we asked if he would take a polygraph test...." There was an immediate objection and request for a mistrial which were overruled. The state trial court responded to the situation by giving an immediate instruction to the jury to disregard the statement and by later repeating a curative instruction in its charge to the jury. The Magistrate found, and the district court agreed, that the officer's reference to the lie detector test was neutral and that any potential prejudice had been cured by the trial court's timely instruction to the jury.[1] Moreover, the Magistrate noted that although the statement should not have been made, there was no indication in the record that it was "manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Butler v. Rose, 686 F.2d 1163, 1170 (6th Cir.1982).
 
 
 8
 We agree with the district court that petitioner's Fifth Amendment right's were not violated by the police officer's testimony regarding the polygraph test nor by the state trial court's curative instruction to the jury. We have held previously that the mere reference to a "polygraph examination" does not require reversal of a conviction on appeal. United States v. Murray, 784 F.2d 188, (6th Cir.1986). The police officer's comment at petitioner's trial is not in and of itself a comment on petitioner's silence at trial and therefore does run afoul of the self-incrimination clause of the Fifth Amendment. See, Griffin v. California, 380 U.S. 609 (1965).
 
 
 9
 Next, Petitioner claims that his right to due process of law was contravened when the trial court refused to instruct the jury on the lesser included offenses. Defense counsel requested that the trial court instruct the jury on the lesser included offense to two charges in the indictment: Murder as the lesser offense of aggravated murder and grand theft and robbery as the lesser offenses of aggravated robbery. The Trial Court denied the request for instructions. As Petitioner was aquitted of aggravated murder, only the failure to instruct on grand theft and robbery is at issue.
 
 
 10
 Generally, habeas corpus relief is not available for errors in state court jury instructions. Engel v. Issac, 456 U.S. 104, reh. denied, 456 U.S. 1001 (1982). The test that a federal court must apply in its analysis of state court jury instructions is:
 
 
 11
 "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," ... not merely whether the instruction is undesirable, erroneous, or even universely condemned, ...
 
 
 12
 An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.
 
 
 13
 Henderson v. Keeby, 431 U.S. 145, 154-155 (1987), quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973). This Court has held that "if the state court finds the instructions to be correct, then only where the instructions "infect the fairness of the entire trial will due process be violated." Owens v. Foltz, 797 F.2d 294, 296 (6th Cir.1986).
 
 
 14
 Petitioner challenged the trial court's failure to instruct in his direct appeal to the Ohio District Court of Appeals. That Court held that it was not error for the trial court to omit the lesser included instruction. The state appellate court noted that "only if the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense must the court instruct on the lesser included offense." Wilkins, 64 Ohio St.2d at 388." State v. Baker, Cr-199, 672 Eighth District Court of Appeals of Ohio (Nov. 26, 1986). The court went on to find that in Petitioner's case, "it was not error for the court to omit the lesser included instruction." It was not reasonable that the jury could find against the state on the serious physical harm element and against the accused on the remaining elements. For that to occur, "the jury would have had to believe that Appellant either drank with Lewis, left and returned and robbed him after he was murdered, or drank some beer and left his fingerprints when he stole from Lewis after Lewis had been murdered." Id.
 
 
 15
 This Court is bound by Pilon v. Bodenkircher, 593 F.2d 264, 267 (6th Cir.), vacated and remanded on other grounds, 444 U.S. 1 (1979), in which this Court held that failure to give a requested lesser-included defense instruction "does not rise to the level of a constitutional error when the failure was correct as a matter of state law." Based on the state court of appeals analysis of Ohio law and its conclusion that it was not reasonable for the jury to find Petitioner not guilty of aggravated robbery but guilty of theft, we conclude that the trial court's refusal to give the lesser included offense instruction was correct as a matter of state law and, furthermore, does not rise to the status of a constitutional deprivation. Therefore, petitioner's second claim is not well taken.
 
 
 16
 Petitioner's next ground for relief concerns the supplemental instruction given by the trial court urging the jury to reach a verdict. Petitioner claims that this "modified Allen charge" violated his Fifth Amendment privilege against self-incrimination. On the third day of deliberations, the jury indicated to the trial court that all the jurors had signed the verdict for aggravated robbery but that one juror changed his/her mind. The jury also indicated that it was deadlocked. Defense counsel moved for mistrial and also requested that the trial court not give a supplemental instruction. The trial court denied defense counsel's motion and proceeded to instruct according to State v. Maupin, 42 Ohio St.2d 473, 330 N.E.2d 208 (1975).[2]
 
 
 17
 The Ohio Supreme Court held that the supplemental instruction given in the trial of Maupin was not prejudicially coercive. Id. Petitioner however has not claimed that the instruction was prejudicially coercive, rather that the Maupin instruction constituted an impermissible comment on his failure to testify. Specifically, petitioner cites the language "there is no reason to suppose ... that any additional evidence will be produced by either side." As this Court has noted previously the proper test in such a matter is "whether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Butler v. Rose, 686 F.2d 1163, 1170 (6th Cir.1982).
 
 
 18
 The language in the Court's supplemental instruction contains no express or implied reference to Petitioner's refusal to testify. Moreover the instruction which was approved by the Ohio Supreme Court in Maupin, is not, viewing the totality of the circumstances, so coercive as to deprive the Petitioner of his constitutional rights. See, Williams v. Parke, 741 F.2d 847 (6th Cir.1984), cert. denied 470 U.S. 1029 (1985). For these reasons we find that Petitioner's claim that the instruction was improper is without merit.
 
 
 19
 In his fourth claim for relief Petitioner argues that his statements to the police were obtained in violation of his Miranda rights. The investigating police officer, Detective John Qualey, testified at trial about three separate oral statements which Petitioner made to him. The first statement was made at the time a search warrant was executed at Petitioner's apartment. At that point the Petitioner was not in custody and no obligation to give Miranda warnings. See, e.g., United v. Mahar, 801 F.2d 1477, 1499 (6th Cir.1986).
 
 
 20
 The second statement was made after the Petitioner had been taken into custody. Officer Qualey read Petitioner his Miranda rights from a card and asked Petitioner after each right whether he understood it. Petitioner responded in the affirmative each time. Officer Qualey asked Petitioner if he wanted to talk about what happened and Petitioner replied yes. Petitioner denies that he was informed of his rights, but the trial court believed the testimony of the officer, the state court of appeals affirmed the trial court's finding. Upon the review of the habeas petition, the U.S. Magistrate also determined that Petitioner had waived his Miranda rights and this finding was adopted by United States District Court.
 
 
 21
 For habeas corpus relief to issue, the Petitioner has the burden to show by the preponderance of the evidence that he did not waive his constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 468-469 (1938). Petitioner has failed to make such a showing.
 
 
 22
 Petitioner's third statement was made during the course of a telephone call initiated by Petitioner to Detective Qualey. No warnings were given because there was no interrogation. Miranda does not prohibit the taking of voluntary suspect-initiated statements. See, Michigan v. Mosley, 423 U.S. 96, 102 (1975).
 
 
 23
 Finally, Petitioner argues that the evidence at trial was insufficient to support his conviction on aggravated robbery. The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. In re Winship, 397 U.S. 358, 363-364 (1970). A Court must view the evidence in the light most favorable to the prosecution and inquire whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 24
 Testimony at trial indicated that petitioner had been observed shortly after the estimated time of the victim's death in the vicinity of the victim's residence and in possession of items similar to those which had been stolen from the victim. Petitioner's fingerprints were found on a glass and bottle of cold beer in the victim's apartment. Petitioner also initially denied knowing the victim at the time he was apprehended. It is beyond the province of the habeas corpus court to weigh the credibility of the witnesses. Walker v. Engel, 703 F.2d 959, 969 (6th Cir.1983), cert. denied, 464 U.S. 962 (1984). Based on the evidence in the record, we conclude that a rational trier of fact could have determined that the Petitioner had committed the crimes of which he was convicted.
 
 
 25
 For the foregoing reasons, the judgment of the district court is hereby affirmed.
 
 
 
 *
 Carl B. Rubin, Chief Judge of the United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 At the time the objection was raised the Court immediately instructed:
 Let the record show that that question, or forgive me, the answer that the officer gave relative to polygraph, that is stricken and you nice ladies and gentlemen will forget you ever heard it, okay? Exclude it from your mind. Tr. 364.
 No mention was made of a polygraph examination until defense counsel referred to it in closing argument. Thereafter the Court instructed the jury as follows:
 One of the State's witnesses, Detective John Qualey, blurted out a reference to evidence that is inadmissible to all Courts and all standards of evidence which relates to polygraph testing and that is inadmissible to all Courts because it is unreliable. If a person was to conclude that that subject would be truthful, that evidence could not be brought out in trial. The defendant, Gary Baker, and no other person involved in this case, did not take a polygraph test and was under no obligation to do so. I have decided that you will follow my instructions as I earlier on told you to disregard and that Detective Qualey's comment about the polygraph and to decide this case based on the law. Tr. 541-42
 
 
 [2]
 The Court's instruction is taken verbatim from Maupin:
 The Court is advised that you have indicated difficulty in reaching a verdict. Now the Court suggests to you that since the trial of this case means a great deal to the parties and to the public and has been expensive in time and effort and money, the Court urges you to make every reasonable effort to agree on a verdict. You may consider that the case must at some time be decided and that you were selected in the same manner and from the same source which any future jury must be selected. There is no reason to suppose that this case will ever be submitted to twelve people who are more intelligent, more impartial, or more competent to decide this case or that any additional evidence will be produced by either side. It is your duty to make every reasonable effort to decide the case if you can Consciously [sic] do so. The Court therefore instructs you to return to the juryroom and continue your deliberations. That is all I can say to you. Go back and give it a further try. Thank you very much.
 
 
 [3]
 Aggravated robbery is defined in Ohio Revised Code Section 2911.01:
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:
 (1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;
 (2) Inflict, or attempt to inflict serious physical harm on another.
 (B) Whoever violates this section is guilty of aggravated robbery, an aggravated felony of the first degree.