**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLARENCE BROWN,

  Petitiner–Appellant,

v.

ERASMO BRAVO, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

  Respondents–Appellees.

No. 12-2187
(D.C. No. 1:11-CV-00917-MV-SMV)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

  Clarence Brown seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss.

**I**

  Brown was convicted in New Mexico state court of trafficking methamphetamine by manufacture, conspiracy to traffic methamphetamine by manufacture, and possession

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of a stolen vehicle. He was sentenced as a habitual offender to seventeen years'

imprisonment. His convictions were affirmed on direct appeal, and the New Mexico

courts denied state post-conviction relief. Brown then sought habeas relief in federal

court in a petition raising both exhausted and unexhausted claims. Brown voluntarily

withdrew his unexhausted claims, and the district court denied relief on his remaining

issues. The district court also denied a COA. Brown now seeks a COA from this court.

**II**

Brown may not appeal the denial of habeas relief under § 2254 without a COA.

§ 2253(c)(1). We may issue a COA "only if the applicant has made a substantial

showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard,

Brown must demonstrate "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." Slack v.

McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Brown raises three issues on appeal. First, he argues that the evidence was

insufficient to convict him. He does not challenge any particular finding of the state

courts, but contends that his conviction impermissibly rested on the testimony of a co-

conspirator who had been given a plea bargain. The New Mexico Court of Appeals

applied the correct standard in assessing this claim. See Pilon v. Bordenkircher, 444 U.S.

1, 2 (1979) (per curiam) (sufficiency of the evidence inquiry is "whether, after viewing

the evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt" (quotation omitted)). And the state appellate court correctly declined to re-weigh the credibility of the witnesses, including the cooperating co-conspirator. See United States v. Virgen-Chavarin, 350 F.3d 1122, 1134 (10th Cir. 2003) ("We will not hold that testimony is, as a matter of law, incredible unless it is unbelievable on its face, i.e., testimony as to facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature."); see also United States v. Singleton, 165 F.3d 1297, 1301 (10th Cir. 1999) (en banc) ("[N]o practice is more ingrained in our criminal justice system than the practice of the government calling a witness who is an accessory to the crime for which the defendant is charged and having that witness testify under a plea bargain that promises him a reduced sentence."). We discern no error in the state court's rejection of this proposition.

Second, Brown argues that evidence introduced at his trial was obtained pursuant to an illegal search. However, "a state prisoner may not be granted federal habeas relief on the ground that evidence was obtained in an unconstitutional search or seizure so long as the State provided an opportunity for full and fair litigation of Fourth Amendment claims." Matthews v. Workman, 577 F.3d 1175, 1194 (10th Cir. 2009) (quotation omitted). As the district court noted, Brown was given a full and fair opportunity to litigate his Fourth Amendment claim. His trial counsel moved to suppress the evidence at issue, and appellate counsel challenged the trial court's rejection of that motion on appeal. Brown asserts that the evidence should have been suppressed, but does not

identify any defect in the state court proceedings and has thus waived any such challenge. See Burlington N. & Santa Fe Ry. Co. v. Grant, 505 F.3d 1013, 1031 (10th Cir. 2007) (issues advanced without reasoned argument are waived).

Finally, Brown argues cumulative error. Because we agree with the district court that Brown has not demonstrated any individual error, this claim necessarily fails. See Castro v. Ward, 138 F.3d 810, 832 (10th Cir. 1998) ("Cumulative-error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors.").

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 4 -